IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIANA RUBALCABA | § | |
| Reg. No. 45046-180 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2775 |
| | § | |
| HARLEY G. LAPPIN, | § | |
| Director of the Federal | § | |
| Bureau of Prisons, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Adriana Rubalcaba, proceeding pro se, filed an Application for Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) challenging the Bureau of Prisons' execution of her sentence by arguing that she should serve the last six months in a community confinement center ("CCC").[1]  After reviewing the pleadings and the applicable law, the court will deny Petitioner's Motion for a Temporary Restraining Order, deny the Petition for Habeas Corpus and dismiss this case for the reasons discussed below.

**I.  Background**

Petitioner alleges that she was convicted in the United States District Court for the Eastern District of Texas for transporting

---

[1]Petition for Writ of Habeas Corpus, Docket Entry No. 1.

aliens and sentenced to eighteen months of imprisonment on February 7, 2005. She is serving her term of imprisonment at the Federal Prison Camp in Bryan, Texas.

Petitioner does not challenge her underlying conviction, but instead seeks habeas corpus relief under 28 U.S.C. § 2241. To prevail, petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner argues that the United States Bureau of Prisons (the "BOP") has wrongfully denied her the right to serve the last six months of her imprisonment in a CCC. An inmate may use 28 U.S.C. § 2241 to challenge the manner in which her sentence is executed. See Reyes-Requena v. United States, 243 F.3d 893, 900-01 (5th Cir. 2001). Because the petitioner is in custody at the Federal Prison Camp in Bryan, Texas, this court has jurisdiction over her § 2241 petition. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

Prior to December of 2002, the BOP regularly placed inmates in a CCC for the last six months of their imprisonment. This changed when the Department of Justice concluded that federal statutes did not permit the BOP to place inmates in a CCC prior to the last ten percent of their prison terms, for a period not to exceed six months. In response to subsequent rulings by courts that the BOP's placement discretion was not limited in this manner, the BOP proposed to "exercise . . . discretion categorically to limit

inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months." Community Confinement, 69 Fed. Reg. 51,213 (August 18, 2004). The BOP gave notice of the potential rule in the Federal Register in August of 2004 and invited comments. Id. The rule was adopted in 2005. Bureau of Prisons Community Confinement Rule, 28 C.F.R. § 570.21 (2005); Community Confinement, 70 Fed. Reg. 1,659 (Jan. 10, 2005).

## II. <u>Discussion</u>

### A.   Failure to Exhaust

A federal inmate seeking relief under 28 U.S.C. § 2241 must first exhaust her administrative remedies through the BOP before seeking habeas relief in federal court. <u>Fuller v. Rich</u>, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." <u>Id.</u> (citation omitted). The petitioner bears the burden of demonstrating futility. <u>Id.</u>

The BOP provides inmates a three-tiered administrative remedies process for complaints related to any aspect of confinement. 28 C.F.R. §§ 542.10-524.15. Petitioner argues that exhaustion through the administrative remedy process would be futile under the 2005 policy because the BOP has implemented a

final rule and no prisoner grievance will change its application. (Petition, p. 2).  Although both this court and other courts have previously required exhaustion because petitioner did not meet the burden of demonstrating futility, petitioner here has met her burden.  See, e.g., Smith v. Francis, 2005 WL 1840152 (S.D. Tex. 2005)(requiring exhaustion).  The BOP has categorically decided to limit an inmate's time in a CCC to the final ten percent of the inmate's sentence, for a period not to exceed six months, except when specific statutorily-authorized BOP programs allow for greater periods. 28 C.F.R. § 570.21.  Because the BOP has exercised its discretion categorically, the court agrees with petitioner that any attempt to go through the administrative procedure process would prove futile.   Therefore petitioner's failure to exhaust her administrative remedies is excused.[2]

**B.   Failure to State a Claim**

A pro se pleading is held to less stringent standards than formal pleadings drafted by attorneys.  Estelle v. Gamble, 97 S.Ct. 285, 292 (1976).  Courts should liberally construe the habeas petitions of inmates.  Haines v. Kerner, 92 S.Ct. 594, 596 (1972). Nevertheless, a federal district court reviewing a habeas petition

---

[2]Petitioner has requested that the court order respondent to make certain admissions to help her prove that exhaustion would be futile.  Request for Admissions, Docket Entry No. 5.  The court agrees with petitioner that going through the administrative remedies process would be futile, which renders the requested admissions unnecessary.

may dismiss it if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2243. <u>See also Lonchar v. Thomas</u>, 116 S.Ct. 1293, 1297 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985); <u>Rutledge v. Wainright</u>, 625 F.2d 1200, 1205 (5th Cir. 1980).

Petitioner's application fails on its face to state a cognizable habeas claim. Petitioner argues that she is entitled to CCC placement for six months because the 2005 policy is an unreasonable interpretation of 18 U.S.C. § 3621(b). The BOP is charged by federal statute with "designat[ing] the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The statute allows the BOP to designate any correctional facility meeting minimum standards that it determines to be appropriate and suitable, setting out several factors for consideration. <u>Id.</u> Federal law also directs that the BOP

> shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

<u>Id.</u> § 3624(c). The BOP's 2005 policy implements these statutes.

Agency rules issued within its Congressionally granted scope of authority are entitled to heightened deference, and any ensuing regulation is binding on courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the

statute. <u>United States v. Mead Corp.</u>, 121 S.Ct. 2164, 2171 (2001)
(citing <u>Chevron U.S.A., Inc. v. Natural Resources Defense Counsel,</u>
<u>Inc.</u>, 104 S.Ct. 2778, 2782 (1984)).  The BOP's new policy was
promulgated in compliance with the Administrative Procedure Act,
5 U.S.C. § 553, and is entitled to such deference.

The overwhelming majority of courts considering similar
challenges to the 2005 policy have upheld it.  <u>See, e.g.</u>, <u>Morales</u>
<u>v. Francis</u>, 2005 WL 2467691 (S.D. Tex. 2005) (listing cases).
These decisions generally base their reasoning on the Supreme
Court's Decision in <u>Lopez v. Davis</u>, 121 S.Ct. 714 (2001).  The
Court in <u>Lopez</u> held that the BOP could categorically exercise its
discretion to deny prisoners early release under 18 U.S.C.
§ 3621(e)(2)(B).  <u>Id.</u> at 724.  The Court reasoned that "even if a
statutory scheme requires individualized determinations . . . the
decisionmaker has the authority to rely on rulemaking to resolve
certain issues of general applicability unless Congress clearly
expresses an intent to withhold that authority."  <u>Id.</u> at 723-24
(citation omitted).

The BOP's 2005 policy categorically denies a class of inmates,
those who are eligible but not yet entitled to serve the remainder
of their sentence in a CCC, transfer to a CCC.  The statute does
not mandate that the enumerated factors in § 3621(b) be considered
on a case-by-case basis.  This court concludes, as the vast
majority of other courts considering the issue have found, that
there is no distinguishable difference between the BOP's rulemaking

in Lopez and its rulemaking here.  Therefore the 2005 policy is legally permissible.

Petitioner's ex post facto arguments are unavailing.  The ex post facto clause in the Constitution prohibits laws that retroactively alter the definition of crimes or increase the punishment for criminal acts.  Collins v. Youngblood, 110 S.Ct. 2715, 2719 (1990).  Two elements must be present for an ex post facto violation:  "(1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes."  Warren v. Miles, 230 F.3d 688, 692 (5th Cir. 2000) (citing California Department of Corrections v. Morales, 115 S.Ct. 1597 (1995)).

Even if petitioner satisfies the first prong of the test, she fails to satisfy the second.  The question of whether a measure increases the punishment for criminal acts is a matter of degree. Morales, 115 S.Ct. at 1603.  Here, petitioner has not alleged even a "speculative, attenuated risk" that the BOP's change in policy affects her actual term of confinement.  Id.  The BOP's change is policy regarding CCC placement merely deprived petitioner of the ability to take additional advantage of a discretionary CCC placement program.  See Wottlin v. Fleming, 136 F.3d 1032, 1038 (5th Cir. 1998).  It does not amount to an increase in punishment and therefore does not implicate the ex post facto clause.

-7-

**C.    Temporary Restraining Order**

Petitioner requests that this court issue a temporary restraining order ("TRO"), requiring the BOP to immediately move her to a CCC pending final decision on the merits of her claim. TROs and preliminary injunctions are extraordinary equitable remedies that may be granted only if the moving party can establish four elements, the first of which is a substantial likelihood of success on the merits.  See Sugar Busters LLC v. Brennan, 177 F.3d 258, 265 (5th Cir. 1999) (listing the four elements a plaintiff must establish before issuance of a TRO).  Because the court rules against the petition for habeas corpus on the merits, petitioner is not entitled to a TRO.

## III.   Conclusion and Order

For the reasons discussed above, petitioner is not entitled to federal habeas corpus relief under 28 U.S.C. § 2241.  The court orders as follows:

1.   The petition for a writ of habeas corpus is **DENIED.**

2.   Petitioner's request for admissions (Docket Entry No. 5) is **DENIED.**

3.    Petitioner's motion for a temporary restraining order (Docket Entry No. 8) is **DENIED.**

-8-

4.  The court's earlier order requiring respondent to file an answer (Docket Entry No. 2) is **VACATED**.

**SIGNED** at Houston, Texas, on this the 20th day of October, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE